YALE et al. v. TRAVELERS' INSURANCE COMPANY OF HARTFORD appellant.

*Evidence — accident insurance — death while fighting — declarations of deceased.*

A policy of insurance against accident, etc., was conditioned that no claim should be made under it if the death or injury should be " caused by dueling, fighting," etc. (" except in cases of perilous necessity "), or should happen " by unnecessary exposure to danger or peril," " or when engaged in any unlawful act." The insured was killed in a fight about the possession of certain premises, the title to which was in dispute between him and another.

In an action upon the policy, *held*, that threats made previous to the fight by the insured against the person disputing his title, were admissible upon the questions as to whether the death of insured happened by an unnecessary exposure to danger or occurred while he was engaged in an unlawful act.

EXCEPTIONS ordered to be heard in the first instance, at the general term, after verdict for plaintiffs at the circuit.

The action was brought upon a policy of insurance against accident and death for $5,000, dated January 1, 1868, upon the life of Elliott J. Kidder, who died of a pistol-shot wound, on the 10th of February, 1868. The plaintiffs are the children of the deceased, and the payees of the policy. The action was begun October 17, 1868. It was tried before Mr. Justice BOARDMAN, and a jury, at the Chenango circuit, February 24, 1870, and resulted in a nonsuit of the plaintiffs upon the ground that the premium had not been paid, and the evidence failed to show that credit for payment had been given. Upon exceptions heard in the first instance, at the general term in January, 1872, the nonsuit was held erroneous, and a new trial was ordered. It was tried a second time, on the 26th of November, 1872, before Mr. Justice BALCOM, and a jury, and upon that trial the plaintiffs had a verdict of $6,494.31. Defendant moved on the minutes, for a new trial, which was denied, and the exceptions ordered to be heard in the first instance, at the general term. The other material facts appear in the opinion.

*H. R. Mygatt*, for plaintiff.

*W. J. Hadley*, for defendant.

P. POTTER, J. Among the conditions of the policy were, " that no claim should be made under it when the death or injury may

have been caused by dueling, fighting or wrestling; or by over-exertion, or lifting (except in cases of perilous necessity)," * * * " or when the death or injury may have happened by unnecessary exposure to danger or peril," * * * "or when engaged in any unlawful act."

There were many other grounds of defense relied upon, but most, if not all, of them, were correctly disposed of by the judge or jury at the trial.

It is not necessary, in the view we take of the question at issue, and in the voluminous evidence of the case, to consider any others than those arising under the conditions of the policy above stated.

A principal ground of defense was, that the death of Elliot J. Kidder, the assured, was caused by fighting with one Robert Corbin, and others, and that Kidder unnecessarily exposed himself to danger and peril, and that his death happened while he was, and in consequence of his having been, engaged in an unlawful act.

Kidder, the assured, was shot, and his death caused by one Robert Corbin, upon a lot of wild land in the town of Afton, Chenango county, the title of which lot was in dispute. Kidder claimed to be the owner, and in possession, and one Creswell claimed also, to be the owner under a deed from this same Robert Corbin. On the day of the homicide, Kidder had gone in the forenoon upon the premises with a team, where he had men who had been engaged for days in cutting and hauling saw-logs from the premises. In the afternoon of the same day, Corbin, with five or six others, entered upon the same lot with teams and proceeded upon a road that had been cut out thereon, until they reached the point where the homicide occurred. It is sufficient to say, for the purposes of the discussion we make, that upon the question of who commenced the fight that ensued — who was most in fault, and whether the assured did any act not justified in law — there was great conflict in the evidence and the testimony, altogether too voluminous to be analyzed. The testimony upon this question seems to have been fairly submitted to the jury, and their finding would be conclusive, if no errors had been committed by the judge in the admission or exclusion of proper evidence, which is the only point we propose to consider. Corbin, who committed the homicide, had been tried therefor, and convicted of manslaughter in the third degree. It may be seen from the conditions in the policy, and from the defense interposed in this case, that it may have been that

important questions arose on the trial as to whether the death of the assured occurred by fighting, in a case where there was no perilous necessity, or occurred by an unnecessary exposure of the assured to danger or peril, or whether it occurred while he was engaged in any unlawful act.

The homicide by Corbin, therefore, might be more or less justified or excused by the belief he entertained at the time of the intent of the assured to take his life. So, too, the unlawfulness of the act of the assured, may be proved by his declarations of intent previously made to do such an act, and so, also, the declarations of the assured may be evidence to characterize the act of fighting as to whether it was a case of perilous necessity. On the trial, a witness was asked: "Did you ever inform Corbin of any threats Kidder had made against him?" The counsel for the plaintiff objected to the question. The court said: "I do not see the object of the evidence." The defendant's counsel offered to prove that Kidder had made threats against Corbin, and that this witness had informed Corbin of those threats. Plaintiff's counsel objected to the evidence, on the ground that it was offered to prove a transaction of a different date. The objection was sustained by the court, and the defendant's counsel duly excepted. The court said: "You may prove any threat made by Kidder to Corbin in this transaction." Defendant's counsel said: "I offer to prove threats made in the month of December, before the homicide." The court: "That is not material and is rejected." Defendant's counsel excepted. Again, to another witness, the defendant's counsel asked this question: Q. "Did you at any time hear Mr. Kidder make any threats against Mr. Corbin?" A. "I did." Objected to by plaintiff on the ground that it was incompetent, irrelevant and immaterial. The objection was sustained by the court, and the defendant's counsel excepted. The defendant's counsel then offered to prove threats made by Kidder in the village of Bainbridge, a short time before the homicide, "That if Corbin went upon the hill he would be shot down, and if he could not get any body else to do it, he (Kidder) would do it himself." The evidence was objected to "on the ground that it was incompetent, irrelevant and immaterial." The objection was sustained by the court, and the evidence excluded, and the defendant's counsel duly excepted to such decision.

I am inclined to think this ruling was error. Since the case was tried, the case of *Stokes* v. *People* has been decided in the court

of appeals (June 10, 1873), not yet reported, but the manuscript of the opinion delivered is before me. That was a criminal case, but the principle, it seems to me, was the same, and the decision below there, as here, was the same. It was an offer to show threats made by the deceased against the accused, prior to the time of the homicide, and communicated to the accused. The court say : " In determining the competency of this testimony, it must be borne in mind that evidence had been given making it a question for the jury whether the case was one of excusable homicide, upon the ground that the act was perpetrated by the accused in defending himself against an attempt by the deceased to murder or inflict some great bodily injury upon him, and the further question, whether it was not perpetrated in resisting an attack made upon him by the deceased, from which he had reasonable grounds to apprehend a design to murder or inflict upon him some great bodily injury."

The testimony so offered and rejected in the case of Stokes was held to be admissible. I am unable to see why, upon principle, the testimony in the case at bar is not within the same rule. It is upon this ground, we think a new trial must be granted, costs to abide the event.

*New trial ordered.*

MILLER, P. J., and PARKER, J., concurred.